**FILED**

MAY 1 7 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. **REGINA LASATER,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>2. **McDONALD'S CORPORATION,** )<br>**a foreign corporation, and** )<br>3. **HADMAC, INC., an Oklahoma** )<br>**corporation,** )<br>)<br>**Defendants.** ) | Case No. 12-CV- **CIV 1 2 - 2 2 0 - K E W**<br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

## COMPLAINT

Plaintiff Regina Lasater ("Lasater" or "Plaintiff) hereby brings this action seeking declaratory and injunctive relief, compensatory and equitable damages, liquidated damages, punitive damages, and costs and attorney fees for violations by Defendants McDonald's Corporation ("McDonald's") and HadMac, Inc. ("HadMac", collectively, "Defendants"), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

### JURISDICTION

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Plaintiff Regina Lasater is a resident of the City of Muskogee, Muskogee County, State of Oklahoma.

3. Plaintiff is a member of a class protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), to wit: Female.

4. Plaintiff was an "employee" of McDonald's and HadMac pursuant to 42 U.S.C. § 2000e(f).

5. Defendant McDonald's Corporation is a foreign for-profit corporation that is authorized to conduct business in the State of Oklahoma.

6. McDonald's may be served with process by serving its registered agent, which, according to the Oklahoma Secretary of State, is The Prentice-Hall Corporation System, Oklahoma, Inc., 115 SW 89th Street, Oklahoma City, Oklahoma 73139-8511.

7. McDonald's was an "employer" of Plaintiff pursuant to 42 U.S.C. § 2000e(b).

8. McDonald's has more than 500 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

9. Defendant HadMac, Inc., is a domestic for-profit corporation that is authorized to conduct business in the State of Oklahoma. HadMac operates the McDonald's Restaurant located on the Muskogee Turnpike near Exit 26 to U.S. Highway 69.

10. HadMac may be served with process by serving its registered agent, who, according to the Oklahoma Secretary of State, is John Robert Hadley, 1006 S. Kerr Blvd., Sallisaw, Oklahoma 74955.

11. HadMac was an "employer" of Plaintiff pursuant to 42 U.S.C. § 2000e(b).

12. HadMac has more than 15 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

13. McDonald's and HadMac exercised control over the terms and conditions of Plaintiff's employment.

14. On or about November 16, 2011, Plaintiff filed Charge of Discrimination No. 846-2011-85608 with the United States Equal Employment Opportunity Commission ("EEOC"), wherein she complained that she had been subjected to a sexually hostile work environment.

15. Plaintiff filed this action within ninety (90) days after receiving her *Dismissal and Notice of Rights* from the EEOC on February 18, 2012.

16. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

## VENUE

17. This action properly lies in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial portion of the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

8. In approximately February 2011, Plaintiff was hired as a crewmember by Defendants. Plaintiff worked at the McDonald's Restaurant in Wagoner, Oklahoma, until approximately April 2011, when she was transferred to the McDonald's Restaurant located on the Muskogee Turnpike near Exit 26 to U.S. Highway 69, which had recently reopened for business.

9. Commencing approximately at this time, and continuing through the date that Plaintiff was constructively discharged from her employment with Defendants, Courtney Abshier was a member of HadMac's management and Plaintiff's supervisor. Jamie Rice was the General Manager.

10. On several occasions during Plaintiff's employment with Defendants, Abshier made unwanted sexual advances toward her subordinates, inappropriate physical contact with subordinates, and offensive and derogatory comments of a sexual nature directed to subordinates. By and large, the majority of Abshier's unwanted, inappropriate, and offensive conduct was directed at Plaintiff.

11. During Plaintiff's employment with Defendants, Plaintiff (and, upon information and belief, other employees) complained to management about Abshier's improper sexual conduct.

12. On more than one occasion during Plaintiff's employment with Defendants, Rice also made unwanted sexual advances toward Plaintiff, including inappropriate physical contact with Plaintiff, a consistently hostile attitude, and comments and questions regarding Plaintiff's sexual activities.

13. During her employment with Defendants, Plaintiff suffered adverse employment actions, including a drastic reduction of her work hours, as a result of her unwillingness to submit to the aforementioned improper sexual conduct.

14. On several occasions, Abshier approached and sexually groped Plaintiff, including, but not limited to, incidents in February, July, and August 2011. Abshier's improper sexual contact with Plaintiff was unprovoked and unwanted, and Plaintiff routinely, sternly, and very vocally rejected Abshier's advances.

15. Defendants' management had knowledge that sexual jokes, touching, and sexually lewd comments were common at McDonald's.

16. No effort was made to correct the working conditions about which Plaintiff complained and/or to which Plaintiff objected.

17. The hostile work environment created by Abshier and Rice, and which Defendants allowed to persist, was so adverse that Plaintiff was forced to quit her job.

### FIRST CLAIM:
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

For her First Cause of Action, Plaintiff realleges and incorporates by reference all paragraphs above and states:

18. As a female, Plaintiff is protected from gender-based discrimination under the provisions of Title VII, § 2000(e) *et seq.*

19. Plaintiff was the subject of, and frequently witnessed, unwelcome sexual advances, requests for sexual favors, and/or other verbal or physical sexual conduct ("inappropriate sexual conduct").

20. The harassers who were responsible for this inappropriate sexual conduct were Plaintiff's supervisor, Abshier, and the General Manager, Rice.

21. Defendants ratified the inappropriate sexual conduct by failing to take timely remedial action upon notice of the circumstances by its employees, including Plaintiff.

22. The inappropriate sexual conduct was explicitly and/or implicitly made a term or condition of Plaintiff's employment.

23. The inappropriate sexual conduct was unwelcomed and unsolicited by Plaintiff.

24. The inappropriate sexual conduct by was undesirable and offensive to Plaintiff.

25. The inappropriate sexual conduct was repeated frequently while Plaintiff was employed by Defendants.

26. Plaintiff formed the reasonable belief that submission to or rejection of this inappropriate sexual conduct would be used as the basis for employment decisions affecting her.

27. The inappropriate sexual conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

28. The inappropriate sexual conduct, and Defendants' failure to respond to complaints of such conduct, created an intimidating, hostile, and offensive working environment.

29. Plaintiff was forced to resign her position at McDonald's to escape the intolerable working conditions imposed by Ashier's inappropriate sexual conduct.

30. Plaintiff's constructive discharge by Defendants constitutes gender discrimination in violation of Title VII.

31. The acts and/or omissions by Defendants have given rise to a claim by Plaintiff for equitable damages, said damages consisting of back pay, front pay, lost employment benefits, prejudgment interest, attorney fees and costs.

32. The acts and/or omissions by Defendants have given rise to a claim by Plaintiff for compensatory damages, said damages consisting of emotional distress, loss of enjoyment of life, loss of self-esteem, loss of earning capacity, loss of reputation, embarrassment, humiliation, inconvenience and mental anguish.

33. The acts and/or omissions of Defendants were willful, wanton, malicious and/or in total disregard for Plaintiff's rights, giving rise to punitive damages.

**WHEREFORE**, premises considered, Plaintiff Regina Lasater prays for judgment against Defendants McDonald's Corporation and HadMac, Inc., for actual and

compensatory damages, including back pay, front pay, lost employment benefits, emotional distress, loss of enjoyment of life, loss of self-esteem, loss of earning capacity, loss of reputation, embarrassment, humiliation, inconvenience, and mental anguish. Plaintiff also prays for punitive damages, prejudgment interest, attorney fees, and the costs of this action, to be taxed against Defendants; along with an award of all other proper relief the Court deems just and equitable.

Respectfully submitted,

**CAMP LAW FIRM**

By: _____

**Christopher L. Camp, OBA #18540**
**7122 South Sheridan Road, Suite #2-382**
**Tulsa, Oklahoma 74133**
**Telephone: (918) 200-4871**
**Facsimile: (918) 550-8337**
**E-mail: camplawfirm@gmail.com**

**Attorney for Plaintiff Regina Lasater**